IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DECAPOLIS SYSTEMS, LLC, § § *Plaintiff*, § § v. § § UT SOUTHWESTERN HEALTH § SYSTEMS AND § CHRISTUS HEALTH § § *Defendants*. § | Case No. 2:22-cv-00159-JRG-RSP |

### MEMORANDUM ORDER

Before the Court are Defendant Christus Health's Unopposed Motion for Bill of Costs and Opposed Motion for Attorneys' Fees. **Dkt. Nos. 78, 79.** After consideration, the Court **GRANTS** both Motions.

**I.   APPLICABLE LAW**

Pursuant to the Patent Act, in "exceptional cases," a district court "may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. An "exceptional case" is "simply one that stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014); *see also Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559 (2014) (noting that "the word 'exceptional' in § 285 should be interpreted in accordance with its ordinary meaning" (citing *Octane Fitness*, 572 U.S. at 552)).

District courts must determine whether any particular case is "exceptional" in a "case-by-case exercise of their discretion, considering the totality of the circumstances." *Octane Fitness*, 572 U.S. at 554. Whether a case is exceptional or not "is a factual determination," *Forcillo v. Lemond Fitness, Inc.*, 168 F. App'x 429, 430 (Fed. Cir. 2006), and the court must make its

1

determination by a "preponderance of the evidence," *Octane Fitness*, 572 U.S. at 557 (rejecting the prior requirement that a patent litigant establish its entitlement to fees under § 285 by "clear and convincing" evidence).

In assessing the "totality of the circumstances," courts may consider factors such as "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Octane Fitness*, 572 U.S. at 554 n.6 (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.9 (1994) (addressing a similar fee-shifting provision in the Copyright Act). A party's conduct need not be independently sanctionable to warrant an award of fees under § 285; however, fee awards should not be used "as a penalty for failure to win a patent infringement suit." *Romag Fasteners, Inc. v. Fossil, Inc.*, 866 F.3d 1330, 1753, 1756–57 (Fed. Cir. 2017); *see also Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, 858 F.3d 1371, 1376 (Fed. Cir. 2017).

## II.     ANALYSIS

Christus argues that this case is exceptional due to Decapolis' vexatious legal strategy and litigation misconduct and its knowing pursuit of meritless claims. Dkt. No. 79 at 8. Christus explains that Decapolis first sued Epic Systems Corporation in the Western District of Texas without a proper basis for venue then dismissed that case. *Id* at 9. Then Decapolis tried to sue Epic's customers in WDTX, after which Epic filed a declaratory judgment in Decapolis' home forum in SDFL. *Id.* Then Decapolis filed the present suit against Christus in this district. *Id.* Decapolis then refused to stay this case and the customer suits based on the customer suit exception. *Id.* Thereafter the SDFL found all of the patents invalid, and Decapolis refused to dismiss the customer cases. *Id.* at 10.

Next, Christus points to Decapolis' refusal to dismiss UT Southwestern, an improper defendant, and violation of the protective order. *Id.* Christus also argues that Decapolis' strategy

of not testing the merits of its case but instead settling for at or below the cost of defending the lawsuit constitutes vexatious conduct. *Id.*

Christus asserts that the Asserted Patents' invalidity should have been apparent based on the PTAB's findings on Plaintiff's principal's nearly identical patent. *Id.* at 12. Christus points to the Federal Circuit's remarks on the lack of merit of these claims in the appeal of the SDFL case. *Id.* at 13.

Christus thus seeks attorneys' fees in the amount of $643,248.03 based on the lodestar method of multiplying a reasonable hourly rate by a reasonable number of hours spent litigating this case. *Id.* at 14.

Decapolis responds that it did not engage in litigation misconduct. Dkt. No. 86 at 6. First, it argues that the Epic Systems litigation is irrelevant to this case. *Id.* at 7. Then Decapolis accuses Epic systems of forum shopping and refusing discovery requests. *Id.* Next, Decapolis argues that its dismissal of UT Southwestern is also irrelevant. *Id.* at 12. Decapolis then argues that it did not violate the protective order because the Court entered a stipulated agreement between the parties and did not itself decide the issue. *Id.* at 12–13. Decapolis then argues that it never made a settlement offer to Christus health. *Id.* at 13.

Decapolis also responds that it did not pursue a meritless lawsuit. *Id.* at 16. It argues that its filing of an opposition brief in SDFL means that its case had merit. *Id.* Plaintiff argues that it was "unfortunate" that that court did not allow it to file an expert declaration. *Id.* Next, Decapolis argues that Christus never moved for dismissal under § 101 in this case. *Id.*[1] Finally, Decapolis argues that Christus's reliance on comments from Federal Circuit judges in oral arguments fails to support Christus's position. *Id.* at 17.

---

[1] This is not an accurate statement. *See* Dkt. No. 41.

3

The Court is convinced that this case is exceptional under § 285. The Court also finds that Christus's request for fees is not duplicative of Epic's request and subsequent grant of that request in the SDFL. Case No. 9:22-cv-80173-DMM, Dkt. No. 113.

First, Decapolis's litigation conduct evidences a strategy focused on unjustifiably pursuing Epic's customers in various forums despite another court finding the asserted patents invalid. Additionally, Plaintiff points out several steps that Decapolis took to needlessly prolong this suit, and Decapolis does not effectively rebut this conclusion as to any of them.

Next, Decapolis pursued meritless patent claims. The Court agrees with Judge Middlebrook's assessment of the clear lack of merit of the claims under § 101, as highlighted by the Federal Circuit in oral argument. *See id.* at 10–11; *See Epic Sys. Corp. v. Decapolis Sys., LLC*, No. 2023-1302, 2024 WL 1460000, at *1 (Fed. Cir. Apr. 4, 2024). Defendant's arguments to the contrary are unpersuasive and many had been considered and implicitly rejected by the Federal Circuit.

Decapolis does not dispute the amount of fees anywhere in its response. The Court finds that the requested fees are reasonable and appropriate.

### III. CONCLUSION

It is **ORDERED** that Decapolis pay Christus's attorneys' fees in the amount of $643,248.03, within 30 days of this Order.

It is **FURTHER ORDERED** that Decapolis pay Christus's Bill of Costs in the amount of $393.25, within 30 days of this Order.

**SIGNED this 28th day of March, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE